# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-26-SNLJ |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, brings this action for monetary relief under 42 U.S.C. § 1983. Named as defendants are Larry Crawford (Director), Tom Clement (Assistant Director), Charlie Baker (Director, Central Transfer), and Steve Larkins (Warden). Plaintiff alleges that, in violation of the Missouri Department of Corrections' guidelines and policy, he was transferred to a Level 5, rather than a Level 2, institution, where he was brutally attacked by dangerous inmates.

## Discussion

Where, as in the instant case, a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As such, the complaint fails to state a claim upon which relief can be granted.

Moreover, the Court notes that transfers to another prison are entirely within the discretion of prison officials. Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984). Prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Murphy v. Missouri Dept. of Correction, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. See Hewitt v. Helms, 459 U.S. 460, 469 (1983).

Plaintiff has failed to allege the existence of such a law. "Neither the United States Constitution nor Missouri law establishes a liberty interest in avoiding transfer to a more restrictive prison." McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993). As such, plaintiff has failed to state the denial of a constitutional right.

Last, plaintiff's assertion that defendants failed to follow prison guidelines and regulations does not amount to a § 1983 claim. Cf. Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED** as moot.[1]

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this  17th  day of February, 2009.

                                                  UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff paid the filing fee on February 10, 2009.